MEMORANDUM OF DECISION
MANFREDI, Judge.
This matter was tried before the Court on December 14, 2004. It arises out of an incident which occurred on May 24, 2002 when the Plaintiff fell on an escalator located in the Earth Casino.
The Action was commenced by complaint dated February 14, 2003 whereby the Plaintiff alleged he was injured in the fall referred to above due to the negligence of the Defendant, its agents, servants or employees.
During trial, Plaintiff focused his claims of negligence on two issues: the presence of debris on the escalator; and the failure to stop the escalator. Defendant’s Answer and Special Defenses denied the allegations of negligence, and in turn alleged contributory or comparative negligence on the part of the Plaintiff.

FACTS

Due to the ultimate ruling In this case, the court will focus solely on the facts relating to liability.
The Plaintiff testified that he was a patron at the Defendant’s casino, the Mohegan Sun, on May 24, 2002. He had visited the casino five to six times on prior occasions. On the day of the incident he arrived in the afternoon sometime with a friend named “Louise.”
The Plaintiff had not gambled that day, but was basically sightseeing. He had done a lot of walking that day and was wearing “regular” shoes. He and Louise had food, but no alcohol. After a period of time they decided to leave. They were going to leave by the entrance located near the Food Court and proceeded to the escalator. Louise got on first, then the Plaintiff.
As he got onto the escalator, the Plaintiff testified his foot slipped on what he thought was a plastic card of some type, but he was unsure as he only saw it out of the corner of his eye. He did not know how it got there, or how long it had been there. He fell and the escalator carried him up to the next floor, feet first.
Daniel Silvestre a Security Supervisor for the Defendant testified that he had *364 responded to the incident and prepared two reports as a result. (Defense Exhibit “A” was an “Incident Report” and Defense Exhibit “B” a “Guest Injury/Mishap and Condition Report.”)
Mr. Silvestre testified it was his practice to inspect the area where an incident such as this occurs to determine if there were any “defects” such as water, debris, chipped tiles, etc. in the area which may have contributed to the incident. Both reports indicate there were no defects noted at the time.
A videotape of the incident, Defense Exhibit “D”, was admitted and viewed by the Court. It was noted that a white object was on the escalator near Plaintiffs head as he was carried up by the escalator. The object was picked up by Plaintiffs companion and set off to the side of the escalator on a shelf or ledge. It was apparently never retrieved and was not identified.

DISCUSSION

This action is governed by the provisions of Tribal Ordinance 2001-07, known as the “Mohegan Torts Code,” hereinafter the “Code.” The Code applies to “any and all tort claims arising on the Mohegan Reservation that may be brought against the MTGA .... ” and, is “the exclusive means of adjudication of claims brought against the MTGA...”
Additionally, MTO 95-4 sets forth the substantive law of the Court to be the Tribal Ordinances and regulations; the General Statutes of the State of Connecticut; and, the common law of the State of Connecticut, except to the extent that such statutes or common law are in conflict with Mohegan Tribal Law.
The Plaintiffs claim is dearly a “tort” claim asserting negligence in connection with maintenance of the premises, and in the operation of the escalator.
As noted in Conn. Law of Torts, 3rd Ed, Wright, et al Sec 49, the possessor of land owes a duty to invitees to inspect the premises and erect safeguards, if necessary; and, is liable for defects which would be discovered by a reasonable inspection. However, “even an invitee must show that the defect has been present for a sufficient period of time so that the land possessor has had the opportunity to discover it.”
This Court has had several occasions to interpret and apply the doctrine of constructive notice in the past, as noted by Defendant in its closing argument. See, Gentile v. MTGA 1 G.D.R. 76 (2003); Harris v. MTGA 1 G.D.R. 86 (2003). In order to successfully prosecute a claim such as the Plaintiffs there must be more evidence than the mere presence of debris or other foreign substance on the floor. There must be some evidence to conclude that the object or substance had been on the floor for a “sufficient period of time so that the land possessor had the opportunity to discover it.”
Here, as in the cases cited, there was simply no evidence as to how the “slippery card” got on the escalator, or how long it had been there. Furthermore, there was no evidence presented regarding the operation or maintenance of the escalator, or the training of personnel involved in its operation.
Under the circumstances, there is simply insufficient evidence from which the Court could conclude that the Defendant failed in any duty owed to the Plaintiff.
Judgment may enter for the Defendant.